**Electronically Filed**
**Intermediate Court of Appeals**
**30575**
**09-NOV-2010**
**02:50 PM**

NO. 30575

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STEVEN ALAN KNAUER, as Trustee of the Betty Rogers Trust,
Plaintiff-Appellant,

v.

DUPLANTY, LTD.; GRETCHEN B. DUPLANTY;
and JOETTE M. WHEELON, Defendants-Appellees,
and
DOE DEFENDANTS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-2140)

ORDER DISMISSING APPEAL
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Upon review of the record in this case, it appears that this court lacks jurisdiction over the appeal that Plaintiff-Appellant Steven Alan Knauer, as Trustee of the Betty Rogers Trust (Appellant Knauer), has asserted from the following two orders entered by the First Circuit Court (circuit court):

(1) the May 19, 2010 "Order Granting Defendants DuPlanty, Ltd., Gretchen B. DuPlanty, and Joette M. Wheelon's Motion for Summary Judgment Filed September 23, 2010" (hereinafter the May 19, 2010 order); and

(2) the July 29, 2010 "Amended Order Granting Defendants DuPlanty, Ltd., Gretchen B. DuPlanty, and Joette M. Wheelon's Motion for Summary Judgment Filed September 23, 2010" (hereinafter the July 29, 2010 order).

The circuit court has not yet reduced these two orders to a separate judgment that resolves at least one claim pursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure (HRCP) or all claims pursuant to HRCP Rule 58.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on the separate document requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

> [I]f a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Id. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary

for certification under HRCP [Rule] 54(b)." Id. Furthermore, "[a]n appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339.

The appellate court clerk filed the record on appeal for appellate court case number 30575 on August 23, 2010, at which time the record on appeal did not contain a separate appealable judgment. Neither the May 19, 2010 order nor the July 29, 2010 order is a judgment, but rather, the May 19, 2010 order and the July 29, 2010 order are interlocutory orders that the circuit court has not yet reduced to a separate judgment. Absent an appealable separate judgment, this appeal is premature and must be dismissed for lack of appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30575 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 9, 2010.

Chief Judge

Associate Judge

Associate Judge

-3-